Case 7:20-cv-00381 Document 25 Filed on 08/17/21 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:20-CV-381 |
| § | |
| 0.996 ACRES OF LAND, MORE OR § | |
| LESS, *et al*, § | |
| § | |
| Defendants. § | |

### FINDINGS ON ISSUE OF JUST COMPENSATION

Having determined title of Tract RGV-RGC-5041, the Court now turns to the issue of what constitutes just compensation for the interests taken. *See* Dkt. No. 23.; *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9 (1984) ("The United States has the authority to take private property for public use by eminent domain but is obliged by the Fifth Amendment to provide 'just compensation' to the owner thereof.") (internal citation omitted); FED. R. CIV. P. 71.1(h) ("In an action involving eminent domain under federal law, the court tries all issues, including compensation" absent certain exceptions not present here), (i)(C) (once plaintiff has taken title, court awards compensation "for the title, lesser interest, or possession taken"). Plaintiff acquired title to a fee simple estate on December 7, 2020, when it deposited $1,850.00 as estimated just compensation for the fee taking. Dkt. No. 5; *see* 40 U.S.C. § 3114(b)(1); *United States v. 162.20 Acres of Land, More or Less, Situated in Clay Cty., State of Miss.*, 639 F.2d 299, 303 (5th Cir. 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking.").

"'Just compensation'…means in most cases the fair market value of the property" at the time of the taking. *Kirby Forest Indus.*, 467 U.S. at 10. "[T]he burden of establishing value rests

with the owner of the condemned property." *United States v. 50.822 Acres of Land, More or Less, in Nueces Cty., State of Tex.*, 950 F.2d 1165, 1168 (5th Cir. 1992). Despite attempts by the Government, the owners of the property have made no appearance or answer, and have presented no evidence to meet their burden. Dkt. No. 24 at ¶ 9. Although the parties retain the ability to present evidence at a trial on compensation, Plaintiff's inability to communicate with them despite repeated attempts to do so counsels in favor of the Court's adjudication of the issue of just compensation based on the record before it. *See* FED. R. CIV. P. 71.1(e)(3) ("[A]t the trial on compensation, a defendant—whether or not it has previously appeared or answered—may present evidence on the amount of compensation to be paid[.]").

Upon consideration of Plaintiff's Amicus Brief Regarding Just Compensation and attached exhibits, the Court finds that the amounts deposited constitute just compensation to which the property owners are entitled. Dkt. No. 24; *see* Exs. 1-2; *see* FED. R. CIV. P. 71.1(e)(3) (failure to appear or answer does not affect defendant's ability to "share in the award"). Just compensation for the fee taking, which is a partial taking of land within a larger parent tract, is valued as $1,850.00, being the difference between the fair market value of the highest and best use of the parent tract at the time of taking, as established through a sales comparison approach using market data from 2014 to 2020. *See* Dkt. No. 24 at ¶¶ 18-22, Exs. 1, 2. Based on the government's valuation analysis, a fee simple fair market value of the parent parcel before the taking—considering the property's highest and best use as recreational/working ranch in conjunction with adjoining land—is valued at $5,800.00 and the parent parcel's fair market value after the taking is valued at $3,950.00, creating a difference of $1,850.00. *United States v. 8.41 Acres of Land, More or Less, Situated in Orange Cty., State of Tex.*, 680 F.2d 388, 392 n.5 & 395 (5th Cir. 1982) (setting forth "before-and-after method of valuation" applicable to partial takings,

and observing that fair market value takes into consideration "highest and best use for which property is adaptable and needed" and is best established through "comparable sales—i.e., sales from a willing seller to a willing buyer of similar property in the vicinity of the taking at or about the same time as the taking").

Accordingly, the Court finds that Plaintiff's deposit of $1,850.00 in the Court's registry constitutes just compensation for the fee taking. Plaintiff shall advise the Court of how it intends to proceed with the distribution of proceeds, and file any appropriate dismissal documents, within 30 days of the date of these findings.

SO ORDERED this 17th day of August, 2021, at McAllen, Texas.

_____
Randy Crane
United States District Judge