United States District Court
Southern District of Texas
**ENTERED**
September 24, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:20-CV-00381 |
| § | |
| 0.996 ACRES OF LAND, MORE OR § | |
| LESS, *et al*, § | |
| § | |
| Defendants. § | |

**FINAL JUDGMENT**

On November 23, 2020, pursuant to the Declaration of Taking Act (40 U.S.C. § 3114), and Federal Rule of Civil Procedure 71.1, the United States filed a Complaint in Condemnation[1] and a Declaration of Taking[2] to acquire a fee interest in a 0.996 acre tract of land, identified as Tract RGV-RGC-5041, for purposes of the border infrastructure project in Starr County, Texas.[3]

Having considered the evidence on title and just compensation in the record, the Court enters final judgment in this condemnation action in accordance with Federal Rule of Civil Procedure 54, and accordingly, the following is hereby **ORDERED**:

1. The full and just compensation payable by the United States for the taking of Tract RGV-RGC-5041 is the sum of one thousand, eight hundred, fifty and 00/100 dollars ($1,850.00), determined by the Court in its Findings on Issue of Just Compensation[4], plus any accrued interest, which sum is all inclusive and in full satisfaction of any claims of whatsoever nature against the United States for the institution and prosecution of the above-captioned action by Eligio Alvarez, Jr., Felipe Adan Alvarez, Unknown Heirs and/or Devisees of

---

[1] Dkt. No. 1.
[2] Dkt. No. 2.
[3] Schedules "C", "D," and "E," Dkt. Nos. 1-1 at 6-16; 2-1 at 6-16.
[4] Dkt. No. 25.

Maria Louisa Arredondo, and Elizabeth Crymes Manning, Trustee for Williams Robert Manning, Jr. and Mary Virginia Manning (collectively, hereafter "Landowner Defendants")—the landowner defendants determined by the Court as having an interest in just compensation in its Order Determining Title as to Tract RGV-RGC-5041.[5]

2. Judgment is hereby entered against the United States in the amount of one thousand, eight hundred, fifty and 00/100 dollars ($1,850.00) plus any accrued interest for the taking of Tract RGV-RGC-5041.

3. On December 7, 2020, the United States deposited a check in the amount of one thousand, eight hundred, fifty and 00/100 dollars ($1,850.00)[6] and upon said deposit, title to Tract RGV-RGC-5041 vested in the United States by operation of law under the Declaration of Taking Act.

4. The United States shall be and is hereby entitled to immediate possession of Tract RGV-RGC-5041, and all persons in possession or control of the interests taken in this property are hereby **ORDERED** to surrender possession of same to the United States of the condemned estate[7]:

> The estate taken is fee simple, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals;
>
> Reserving to the owners of land described in conveyance recorded with Deed Records of Starr County, Texas, volume 691, page 312, reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier between the westernmost mark labeled "Beginning" and easternmost mark labeled "Ending" depicted on the map [in Schedule E of the Declaration of Taking];

---

[5] Dkt. No. 23.
[6] Dkt. No. 5.
[7] Schedule "E," Dkt. Nos. 1-1 at 15; 2-1 at 15.

        Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation, and maintenance of the border barrier.

5. The total of one thousand, eight hundred, fifty and 00/100 dollars ($1,850.00), plus any accrued interest, which sum is in full satisfaction of any claims of whatsoever nature by the Landowner Defendants, shall be subject to all taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable to the taxing authority and deductible from this amount, including the outstanding delinquent ad valorem taxes or assessments owing as to Tract RGV-RGC-5041 under the following account[8]:

        **Account Number: 001125** in the amount of **Thirty Eight and 24/100 Dollars ($38.24)** as of December 2020, owed to Defendant Ameida Salinas, Starr County Tax Assessor-Collector.

6. The full amount of just compensation remains on deposit in the registry of the Court. The Clerk of Court shall now, without further order of the Court, disburse the total sum of **one thousand, eight hundred, fifty and 00/100 dollars ($1,850.00) plus any accrued interest earned thereon while on deposit**, payable to the order of the following parties:

    i.     **$38.24** to **Starr County Tax Office** for delinquent taxes and assessments owed under Tax. Acct. **001125** on the date of taking.

    ii.    **$543.20**, plus accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, on account of the 37.5% ownership interest in Parent Parcel 21-A and 25% ownership interest in Parent Parcel 31-A of **Eligio Alvarez, Jr.** who could not be located.
<u>This amount shall remain on deposit in the registry of the Court accruing interest as provided in 40 U.S.C. § 3116, but shall be paid into the Treasury of the United States without further order of the Court **five (5) years** from entry of this Final Judgment in accordance with 40 U.S.C. § 2042, if said amount is not withdrawn from the registry of the Court. **Any**</u>

---

[8] Dkt. No. 20-13 at 1.

       **person or entity claiming <u>entitlement to such funds shall first move the Court for an order of disbursement before such funds may be distributed.</u>**

- iii. **$543.20**, plus accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, on account of the 37.5% ownership interest in Parent Parcel 21-A and 25% ownership interest in Parent Parcel 31-A of **Felipe Adan Alvarez** who could not be located.
<u>This amount shall remain on deposit in the registry of the Court accruing interest as provided in 40 U.S.C. § 3116, but shall be paid into the Treasury of the United States without further order of the Court</u> **five (5) years** <u>from entry of this Final Judgment in accordance with 40 U.S.C. § 2042, if said amount is not withdrawn from the registry of the Court.</u> **Any person or entity claiming <u>entitlement to such funds shall first move the Court for an order of disbursement before such funds may be distributed.</u>**

- iv. **$547.35**, plus accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, on account of the 50% ownership interest in Parent Parcel 31-A of **Elizabeth Crymes Manning, Trustee for Williams Robert Manning, Jr. and Mary Virginia Manning** who could not be located.
<u>This amount shall remain on deposit in the registry of the Court accruing interest as provided in 40 U.S.C. § 3116, but shall be paid into the Treasury of the United States without further order of the Court</u> **five (5) years** <u>from entry of this Final Judgment in accordance with 40 U.S.C. § 2042, if said amount is not withdrawn from the registry of the Court.</u> **Any person or entity claiming entitlement to such funds shall first move the Court for an order of disbursement before such funds may be distributed.**

- v. **$178.01**, plus accrued interest, will remain on deposit in the Court's registry, pursuant to 28 U.S.C. § 2042, on account of the 25% ownership interest in Parent Parcel 21-A of **Unknown Heirs and/or Devisees of Maria Louisa Arredondo** who could not be located.
<u>This amount shall remain on deposit in the registry of the Court accruing interest as provided in 40 U.S.C. § 3116, but shall be paid into the Treasury of the United States without further order of the Court</u> **five (5) years** <u>from entry of this Final Judgment in accordance with 40 U.S.C. § 2042, if said amount is not withdrawn from the registry of the Court.</u> **Any person or entity claiming <u>entitlement to such funds shall first move the Court for an order of disbursement before such funds may be distributed.</u>**

7. The Court takes judicial notice that Landowner Defendant Felipe Adan Alvarez was

personally served with notice[9]; and Landowner Defendants Eligio Alvarez, Jr., Unknown Heirs and/or Devisees of Maria Louisa Arredondo, and Elizabeth Crymes Manning, Trustee for Williams Robert Manning, Jr. and Mary Virginia Manning were served by publication, and service was accomplished as to said Landowner Defendants as evidenced by the Certificate of Commencement of Service by Publication, Certificate of Publication, and the publisher's affidavit.[10] To date, all 4 Landowner Defendants have not entered an appearance to make a claim on the just compensation proceeds on deposit in the Court's Registry for Tract RGV-RGC-5041.

8. Landowner Defendants and Defendant Ameida Salinas, Starr County Tax Assessor-Collector shall be responsible for their own legal fees, costs, and expenses, including attorney fees, consultant fees, and any other expenses or costs.

9. There being no further taxes or assessments due or owing as to Tract RGV-RGC-5041, Landowner Defendants are responsible for the payment of any additional taxes or assessments which they otherwise owe on the interest in the property taken in this proceeding on the date of taking, and are responsible for payment of any additional taxes or assessments which they otherwise owe on the remaining whole parcel.

10. Landowner Defendants shall take no appeal from any rulings or judgments made by the Court in this action.

11. This final judgment is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of all named Landowner Defendants in this case.

---

[9] Dkt. No. 13 (Return of Service- Felipe Adan Alvarez).
[10] Dkt. No. 19 (Certificate of Publication- Eligio Alvarez, Jr.); Dkt. No. 15 (Declaration of Not Found- Eligio Alvarez, Jr.); Dkt. No. 14 (Certificate of Publication- Unknown Heirs and/or Devisees of Maria Louisa Arredondo and Elizabeth Crymes Manning, Trustee for Williams Robert Manning, Jr. and Mary Virginia Manning).

12. All issues have been resolved as to Tract RGV-RGC-5041 including any delinquent taxes and charges against it. Accordingly, the claims and interests of named defendants remaining in this case are hereby **resolved and there are no further issues to consider in this matter**. The Clerk of the Court is **ORDERED** to close this case.

SO ORDERED this 24th day of September, 2021, at McAllen, Texas.

_____
Randy Crane
United States District Judge

